UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAIL D. THOMPSON,

     Plaintiff,

                                Case No. 08-15189

-vs-                             HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.  Introduction**

This is a Social Security case.  Plaintiff Gail Thompson (Thompson) appeals from the final decision of the Commissioner of Social Security (Commissioner) denying her application for Social Security disability benefits.  Thompson claims to have been disabled for a closed period from November 6, 2001 to February 23, 2007 due to discogenic[1] and degenerative back disorders.

The parties filed cross motions for summary judgment.  The motions were referred to a Magistrate Judge (MJ) for a report and recommendation.  The MJ recommends that Thompson's motion for Summary Judgment be denied and that the Commissioner's motion for summary judgment be granted.  Thompson filed timely objections to the MJRR.  For the reasons that follow, the Court adopts the MJRR.  The

---

[1]A discogenic back disorder is a disorder that originates in or from an intervertebral disc.

Commissioner's motion will be granted. Thompson's motion will be denied.  The case will be dismissed.

## II.  Background

### A.

The MJRR sets forth the facts, which are not repeated here.  Thompson filed a disability claim on April 11, 2002, alleging a November 6, 2001 onset of disability. Thompson says that she is disabled because of discogenic and degenerative back disorders.  Her claim states that the condition arose from a motor vehicle accident on November 6, 2001 and was exacerbated by another motor vehicle accident on April 11, 2003.

Thompson's claims were initially denied on August 2, 2002. The ALJ denied benefits on June 22, 2004, but, after appeal, the case was remanded for further fact finding by the district court.  A second hearing was held before the ALJ on June 21, 2007.  The ALJ issued a decision denying benefits on August 17, 2007.  Review was denied by the Appeals Council on December 5, 2008.

### B.

Thompson then brought action for judicial review, arguing that the ALJ (1) improperly discounted the opinions of her treating physicians, (2) improperly assessed her credibility as to the intensity, persistence, and limiting effects of her impairments, (3) failed to pose complete and accurate hypotheticals to the vocational expert (VE), and (4) did not base his decision on substantial evidence.

The MJ rejected Thompson's arguments.  He found that while a treating physician's opinion is to great weight, it is not entitled to controlling deference when it is

not supported by clinical testing or other substantial evidence.   He found that the opinions of Dr. Miguel Lis-Planells (Lis-Planells), a treating physician, were contrary to subsequent clinical evidence and were not entitled to greater weight than was given by the ALJ.   The MJ also found that a plaintiff's credibility is within the scope of the ALJ's fact-finding discretion, that the record did not support Thompson's subjective claims, and that there was an insufficient basis to overturn the ALJ's credibility determination.   As a result, the MJ found that the hypotheticals posed to the VE were complete and accurate.   Therefore the MJ concluded that the ALJ's decision was within the "zone of choice" supported by substantial evidence and recommended that Thompson's motion for summary judgment be denied and that the Commissioner's motion for summary judgment be granted.

### III.  Standard of Review

Judicial review of a Social Security disability benefits application is limited to determining whether "the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997).  A reviewing court may not resolve conflicts in the evidence or decide questions of credibility.  Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).  It is more than a scintilla, but less than a preponderance.  Consol. Edison Co. V. NLRB, 305 U.S. 197, 299 (1938).  The substantiality of the evidence must be based upon the record taken as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973).  "[T]he decision of an ALJ is

not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ."  Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference from the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).  The portions of the MJRR that the claimant finds objectionable are reviewed de novo.  See 28 U.S.C. § 636(b)(1)©; Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

## IV.  Discussion

Thompson raises two objections to the MJRR.  First, she asserts that the MJ and ALJ improperly discounted the testimony of her treating physicians and failed to outline with particularity the basis for discounting their testimony.  Second, Thompson asserts that the MJ erred in affirming the ALJ's assessment of her credibility by failing to distinguish between the testimony that he found credible and incredible.  In so doing, Thompson claims that the ALJ failed to respond to the instructions of the court when it remanded the ALJ's initial denial of benefits.  These arguments are without merit.  While the ALJ reached the same conclusion on remand, his decision corrected the deficiencies that resulted in the initial remand.  As explained more fully below, the ALJ did provide good reason for discounting the testimony of Thompson's treating physicians and explained with particularity why he did not find Thompson to be credible.

## A.  Evaluation of Medical Evidence

It is well established in the Sixth Circuit that a treating physician's opinions are given greater weight than those of physicians who examine a claimant only once or who

4

are hired for the purpose of litigation.  Jones v. Sec'y of HHS, 945 F.2d 1365, ,1370 n.7 (6th Cir. 1991).  However, a treating physician's opinion is given deference only when it is supported by objective clinical evidence.  Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004).   In addition, the ALJ need not give weight to conclusory assertions of disability made by a treating physician because "the determination of disability is [ultimately] the prerogative of the [Commissioner], not the treating physician.".  Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985).  When an ALJ does not give a treating physician's opinion controlling weight, he must "give good reasons . . . for the weight [he] give[s] [the] treating source's opinion."  20 C.F.R. § 404.1527; Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). Still an ALJ's failure to state the weight given to a treating physician's opinion is harmless error if the ALJ's findings are consistent with that of the treating physician.  Bass v. McMahon, 499 F.3d 506, 510 (6th Cir. 2007).

### 1. Testimony of Dr. Beale

Thompson claims that the ALJ disregarded the medical documentation provided by Dr. James Beale, Jr. (Beale), a treating physician, which contradicts her ability to work at the residual capacity outlined by the ALJ.  She relies upon a statement made by Beale on August 15, 2002 stating that she could not bend, lift, turn, push, pull, or squat.  However, when taken as a whole, his testimony does not support a finding of disability.  Beale's testimony shows repeated conclusory statements that Thompson was totally disabled, but they do not provide any objective basis for that conclusion. Interspersed among them are statements that Thompson can work and lift up to 5 pounds and that she is merely partially disabled and can lift up to 15 pounds and

engage in prolonged standing, sitting, bending, and twisting.  In fact Beale indicated on August 30, 2002 that Thompson could lift up to 15 pounds and subsequently asserted on August 31, 2002 that she was totally disabled without providing any justification for his change of heart.

Although the ALJ did not explicitly address the weight given to Beale's opinion as a treating physician, any error is harmless.  The ALJ made a determination that Thompson was capable of lifting up to two pounds, could occasionally climb, stoop, crouch, balance, kneel, and crawl, and required a sit/stand option. This is more restrictive than Beale's opinion that Thompson could lift up to 15 pounds and engage in prolonged standing and sitting with frequent bending and twisting.  Because the ALJ's determination is consistent with, or more restrictive than, some of Beale's varied medical opinions, his failure to specifically address the weight given to Beale's opinion is harmless error.  Bass v. McMahon, 499 F.3d 516, 510-11.

### 2. Testimony of Dr. Lis-Planells

Thompson also claims that the ALJ failed to give proper weight to the December 30, 2003 opinion of Lis-Planells, a treating physician, that she could not bend, lift, twist, push, pull, or squat.  She also claims that the ALJ failed to give good reason for not giving Lis-Planells' opinion controlling weight as a treating physician.  The ALJ did give good reasons for discounting Lis-Planells' opinion and his decision is supported by substantial evidence.

First, the ALJ found that Lis-Planells' opinion was not fully supported by his own objective clinical findings which showed that Thompson's physical and neurological exams were largely normal.  Second, the ALJ found that the opinions of Dr.

Setti Rengachary (Rengachary), another treating physician, were more credible because they were based on more complete information.  Lis-Planells' June 28, 2004 opinion that Thompson could not work was a preliminary finding, subject to the results of another MRI exam.  After obtaining the MRI results and reviewing Thompson's past medical history, Rengachary found no abnormality and upon examination of Thompson found that her pain was "mild."  Finally, the ALJ found that Lis-Planells' opinion that Thompson could not lift, bend, pull, or push was inconsistent with other assessments of her physical capability.  The ALJ relied upon a physical therapy discharge statement that Thompson could feed and dress herself and drive a car as well as Thompson's own testimony that she could lift five pounds, cook, clean, do laundry and shop for groceries. The ALJ found that Thompson could not engage in these activities if she were unable to lift, bend, pull, or push, so he gave less weight to Lis-Planells' opinion.   These justifications provided by the ALJ constitute good reason to discount the weight given to Lis-Planells' medical opinions and constitute substantial evidence supporting the ALJ's decision.

### 3. Testimony of Dr. Rengachary

Thompson also claims that the ALJ failed to give proper weight to the opinion of Rengachary, a treating physician.  However, the ALJ did rely upon the his opinion in evaluating Thompson's condition.   Specifically, the ALJ relied upon Rengachary's finding that Thompson's MRI was normal and that she experienced only mild pain.  In addition, Thompson did not offer any testimony from Rengachary that was inconsistent with the ALJ's findings and none can be found in the record.   While Rengachary referred to Thompson as disabled when describing her medical history, he

did not include such a finding in his physical examination or medical decisionmaking opinions. Thompson's claim with respect to Rengachary's testimony fails because the ALJ did give weight to his testimony and because Rengachary's findings were consistent with those of the ALJ.

## B. Explanation for Discrediting Claimant's Testimony

Thompson also says that the ALJ improperly discredited her subjective testimony. The Court of Appeals for the Sixth Circuit has noted that an ALJ's findings regarding a claimant's credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997). However, any credibility assessment made by an ALJ must be supported by substantial evidence in the record. Id. In addition, S.S.R. 96-97 directs that findings on credibility be specific rather than be general and conclusory.

The ALJ provides substantial evidence for why Thompson's testimony was discredited. The ALJ considered the physical therapy discharge report which stated that Thompson could feed and dress herself and drive a car. This empirical evidence was supported by Thompson's updated statements that she could take care of her physical needs, cook, and do laundry. The ALJ found that an individual capable of performing these tasks was also capable of working with the limitations that he included in his hypotheticals to the VE. Furthermore, the ALJ discredited Thompson's complaints of pain because (1) they were not relayed to her treating physicians as one would expect, (2) her pain was treated conservatively by her treating physicians, and (3) she did not pursue physical therapy for eight months after it was prescribed by

8

Rengachary.  In sum, the ALJ discounted Thompson's testimony because it was not consistent with empirical assessments of her physical capabilities or her medical treatment history.  Thus, there were specific findings which provide substantial evidence to support the ALJ's determination regarding Thompson's credibility.

### V. Conclusion

For all of the reasons above, the Court finds the ALJ's decision was supported by substantial evidence, SSA regulations were followed, and there was no prejudice to Thompson on the merits nor deprivation of a substantial right.

Thompson's motion for summary judgment is DENIED.  The Commissioner's motion for summary judgment is GRANTED.  This case is DISMISSED.

SO ORDERED.

                                        s/ Avern Cohn
                                        AVERN COHN
                                        UNITED STATES DISTRICT JUDGE


Dated:  September 10, 2009


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 10, 2009, by electronic and/or ordinary mail.

                                        s/ Julie Owens
                                        Case Manager, (313) 234-5160

9